OPINION AND JOURNAL ENTRY
{¶ 1} Appellant Lawrence Davis has filed an application to reopen his direct appeal pursuant to App. R. 26(B). Our Opinion in his initial appeal was released on December 18, 2007. Appellant was convicted of five counts of drug trafficking, and we reversed two of those convictions. We affirmed the remaining three drug trafficking convictions and sentences, as well as an additional conviction and sentence that was imposed for contempt of court. Appellant now contends that there were other issues that should have been raised on direct appeal, including whether a proper jury instruction was given for count two of the indictment, and whether there was excessive pre-indictment delay. Appellant's errors are not well-taken, and the application for reopening is denied.
 {¶ 2} As set forth in App. R. 26(B)(5), an application for reopening will only be granted if the applicant establishes that he or she was deprived of effective assistance of counsel on appeal. A convicted defendant is entitled to the effective assistance of counsel on his first appeal as of right. Evitts v. Lucey (1985), 469 U.S. 387,105 S.Ct. 830, 83 L.Ed.2d 821. Appellate counsel's effectiveness is judged by the standard for reviewing ineffective assistance of trial counsel set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail on a claim of ineffective assistance of appellate counsel, Appellant must show deficient performance and resulting prejudice. "Deficient performance" means performance falling below an objective standard of reasonable representation. "Prejudice," in this context, means a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.Strickland, 466 U.S. at 687-688, 694, *Page 2 104 S.Ct. 2052, 80 L.Ed.2d 674. See, also, Williams v. Taylor (2000),529 U.S. 362, 390-391, 120 S.Ct. 1495, 146 L.Ed.2d 389; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
 {¶ 3} Appellant first argues that counsel failed to raise errors regarding whether the culpable mental state of "recklessness" should have been part of the jury instructions for count two of the indictment, which accused him of trafficking in cocaine within 1,000 feet of a school. The "vicinity of a school" enhancement raised the degree of his crime from a third degree felony to a second degree felony. Appellant argues that there is an additional mens rea element of recklessness that is applied to the "vicinity of a school" enhancement specification, pursuant to State v. Lozier, 101 Ohio St.3d 161, 2004-Ohio-732. InLozier, the Ohio Supreme Court held that the "vicinity of a school" enhancement contained its own separate mens rea requirement, apart from any mens rea element contained in the underlying crime. Lozier
determined that the enhancement in question required the default mens rea element of "recklessness." Appellant contends that the trial judge did not instruct the jury as to the "recklessness" element when determining whether the enhancement applied. Appellant acknowledges that the error that occurred in the Lozier case no longer is relevant because the Ohio legislature amended the definition of "committed in the vicinity of a school", R.C. 2925.01 (P), in 2004, prior to Appellant's indictment and trial. The enhancement is now a strict liability element of the crimes to which it applies. Appellant nevertheless believes that the jury should have been instructed *Page 3 
that they had to find the element of "recklessness" in order to apply the enhancement in this case.
 {¶ 4} Any alleged error in the direct appeal regarding jury instructions for the "vicinity of a school" enhancement that might have been raised by Appellant's counsel on appeal would have been subject to a plain error analysis, since there is no indication that trial counsel objected to the jury instructions. Errors involving omissions in the jury instructions, including the omission of the mens rea element of the crime, to which no objection was raised at trial are only reviewed for plain error. State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144. Plain error arguments may only succeed if there was a clear miscarriage of justice. State v. Underwood (1983), 3 Ohio St.3d 12, 14,444 N.E.2d 1332.
 {¶ 5} Appellant does not argue, much less attempt to prove, that plain error occurred at trial. If there was no plain error in the trial court's jury instructions, then his appellate counsel had no reason to raise this issue on appeal. Without some indication that the error discussed by Appellant rises to the magnitude of plain error, and that his appellate counsel was ineffective for not raising a plain error issue, there is no reason to reopen this appeal.
 {¶ 6} Appellant also assumes that there was insufficient evidence that he was "reckless" in trafficking cocaine in the vicinity of a school. He contends that he could not have been "reckless" in his criminal activity unless the school was actually in session, but he presents no legal support for this conclusion. The definition of "vicinity of a school" does not refer to whether children are in the school when the *Page 4 
crime occurs, or whether the school is in session when the crime occurs. Appellant appears to be rewriting the criminal statutes in order to further his argument. R.C. 2925.01(P).
 {¶ 7} Appellant also argues that he suffered pre-indictment delay, but this was one of the assignments of error on direct appeal. We extensively reviewed many different aspects of pre-indictment delay that might have applied to this case, and found no errors in the proceedings with respect to pre-indictment delay. Appellant raises nothing in the application for reopening that suggests some additional area of inquiry that might have been missed in our Opinion. He refers this Court to an undated newspaper article that discusses the sentencing hearing of a completely different case. He seems to suggest that he was prejudiced because he believes an earlier indictment would have resulted in his incarceration. This, in turn, would have prevented him from continuing to use illegal drugs and stopped him from committing more crimes, including the crime described in count two of the indictment. This pure speculation on the part of Appellant does not further any possible appellate issue.
 {¶ 8} Appellant is aware that his arguments, of whatever nature, are based on evidence de hors the record. Appellate counsel could not rely on such evidence during direct appeal. State v. Ishmail (1976),54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Thus, appellate counsel committed no error in failing to raise errors on appeal that required evidence de hors the record, and counsel could not be deemed ineffective under Strickland and the other aforementioned cases. *Page 5 
 {¶ 9} In conclusion, Appellant's application for reopening is entirely without merit and is hereby denied.
Waite, J., concurs.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1