[Cite as *State v. Stigall*, **2015-Ohio-137.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-14-1053

    Appellee                                                 Trial Court No. CR0201303017

v.

Darwin Patrick Stigall                                    **DECISION AND JUDGMENT**

    Appellant                                               Decided:  January 16, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and Brad Smith,
Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Darwin Patrick Stigall, appeals from a judgment of conviction

and sentence entered by the Lucas County Court of Common Pleas after he was found

guilty of one count of possession of cocaine, one count of trafficking in cocaine in the

vicinity of a school and one count of possession of heroin.  For the reasons that follow,

we affirm the trial court's judgment.

{¶ 2} On September 5 and October 17, 2013, search warrants were executed at the residence where appellant lived. During the searches, drugs were discovered and confiscated.

{¶ 3} On November 20, 2013, appellant was indicted on the following charges: two counts of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(a), felonies of the fifth degree; two counts of trafficking in cocaine in the vicinity of a school or in the vicinity of a juvenile, in violation of R.C. 2925.03(A)(2) and (C)(4)(b), felonies of the fourth degree; one count of possession of heroin, in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree; and one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2) and (C)(6)(b), a felony of the fourth degree. Appellant pled not guilty to the charges. Thereafter, appellant filed a motion to suppress and requested a hearing. A hearing was held; the motion to suppress was denied.

{¶ 4} On February 24, 2014, a jury trial commenced, and appellant was convicted of one count of possession of cocaine, one count of trafficking in cocaine in the vicinity of a school and one count of possession of heroin.

{¶ 5} On March 18, 2014, a sentencing hearing was held and appellant was sentenced to a total of 28 months in prison. This appeal ensued.

{¶ 6} Appellant's appointed counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted that after thoroughly reviewing the transcript of proceedings in the trial court and

2.

the applicable case law, no meritorious assignments of error could be presented. Counsel did submit two potential assignments of error:

> 1. The trial court committed reversible error when it failed to instruct the jury that the culpable mental state of recklessness applied to the offense of trafficking in cocaine "in the vicinity of a school."

> 2. The verdict was insufficient and against the manifest weight of the evidence.

{¶ 7} The state filed a response to the *Anders* brief, concurring with the conclusion of appellant's counsel that there was no arguable basis for a valid assignment of error and urging this court to permit counsel to withdraw.

{¶ 8} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). In *Anders*, the United States Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.* Once these requirements have been fulfilled, the appellate court must conduct a full examination of the proceedings held below to decide if the appeal is indeed frivolous. *Id.*

3.

If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if required by state law. *Id.*

{¶ 9} Here, appellant's counsel has satisfied the requirements set forth in *Anders*. We note appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Consequently, we shall examine the potential assignments of error set forth by appellant's counsel as well as the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 10} In the first proposed assignment of error, appellant argues the "vicinity of a school" specification requires the mental state of recklessness and the failure to instruct on such mental state allowed the jury to convict him as if he were strictly liable. In support of his argument, appellant relies on the holding in *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770.

{¶ 11} In *Lozier*, the Supreme Court of Ohio held the "vicinity of a school" specification required the mental state of recklessness, while the "vicinity of a juvenile" specification was a strict liability offense. *Id.* at ¶ 40. The court noted the statute defining the juvenile specification specifically stated "regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within the view of a juvenile * * *." *Id.* at ¶ 35, citing R.C. 2925.01(BB). The court observed this language was an instance of the

4.

legislature making it "abundantly clear that the offender's mental state is irrelevant in determining whether the offender has committed an offense 'in the vicinity of a juvenile.'" *Id.* at ¶ 36.

{¶ 12} Several months after the *Lozier* decision, the definition of "vicinity of a school" was amended by the legislature to add language consistent with the language found in the definition of "vicinity of a juvenile." *See State v. Davis*, 7th Dist. Mahoning No. 05MA235, 2008-Ohio-2927, ¶ 3. The legislature added the language "regardless of whether the offender knows the offense is being committed * * * within one thousand feet of the boundaries of any school premises." *Id.*; R.C. 2925.01(P). Thus, the additional language changed the specification's mental state from recklessness to strict liability.

{¶ 13} Here, appellant's offenses were committed well after the legislature amended the definition of "vicinity of a school" to impose strict liability. As such, appellant's contention that the trial court should have instructed on recklessness as the mental state for the "vicinity of a school" specification is without merit. Appellant's first proposed assignment of error is not well-taken.

{¶ 14} In the second proposed assignment of error, appellant contends the verdict was insufficient and against the manifest weight of the evidence. Appellant asserts disputed testimony was presented regarding whether appellant's co-defendant, Jennifer Cook, identified appellant as the owner of the drugs recovered at the residence, and whether Cook was offered a reduction in her charges for identifying the source of the

5.

drugs. Cook testified at trial that she was not offered a deal and did not identify appellant as the owner of the drugs, but Detective Garrett testified Cook was offered a deal to cooperate, Cook stated appellant was the owner of the drugs, and Cook's charges were dropped.

{¶ 15} "A reviewing court will not reverse a jury verdict where there is substantial evidence from which a jury could reasonably conclude that the state has proven each element of the offense charged beyond a reasonable doubt." *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus, *superseded by state constitutional amendment on other grounds in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997). It is within the purview of the trier of the facts to assess the credibility of witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶ 16} Here, after hearing the testimony of the witnesses and weighing the evidence, the jury found appellant guilty of three of the six offenses charged. A review of the record indicates there was substantial evidence upon which the jury could have reasonably concluded that all elements of the offenses were proven beyond a reasonable doubt. Appellant's conviction was not based on insufficient evidence and is not against the manifest weight of the evidence. Appellant's second proposed assignment of error is not well-taken.

{¶ 17} Next, we have an obligation to fully examine the record in this case to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record, including the transcripts of appellant's

6.

two-day trial and sentencing hearing, does not disclose any errors by the trial court which would justify a reversal of the judgment. We therefore find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and is granted.

{¶ 18} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
JUDGE

Arlene Singer, J.     

_____
James D. Jensen, J.      JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.