[Cite as *Toledo v. Cook*, 2016-Ohio-2975.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                     Court of Appeals No. L-15-1178

    Appellee                                     Trial Court No. CRB-15-04951

v.

Demonte Anthony Cook                             **DECISION AND JUDGMENT**

    Appellant                                    Decided:  May 13, 2016

* * * * *

Kati E. Tharp, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Demonte Cook, appeals from the judgment of the Toledo Municipal Court convicting him of disorderly conduct and imposing a fine of $100 and costs.  For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} On April 6, 2015, two Toledo police officers, Officer Sprott and Officer Babcock, were dispatched and responded to a 911 hang-up call at a house on Balfe Street, Toledo, Lucas County, Ohio.  Appellant's girlfriend resided at the house along with her

adult daughter, adult son and appellant.  Appellant's girlfriend's daughter and son allowed the officers into the residence.  The officers were told that appellant and his girlfriend's son had an argument.  The officers found appellant in the bedroom sitting on the bed, crying.

{¶ 3} Two additional police officers arrived and entered the residence while the first two officers talked with appellant and his girlfriend in the bedroom.  Appellant eventually started to pace in the bedroom and grabbed a lamp from the nightstand.  The additional police officers went into the bedroom.  Appellant "became very aggressive and [was] not listening to the commands" to be seated and remove his hands from the lamp, according to Officer Babcock.  Three of the officers pulled out their Tasers and used them on appellant after appellant did not follow the officers' directives.  Appellant was then arrested.  Appellant was charged with disorderly conduct, a violation of R.C. 2917.11(A)(3).

{¶ 4} On June 3, 2015, a bench trial was held and two of the officers who responded on April 6, 2015 testified, as did appellant's girlfriend.  The trial court concluded appellant was intoxicated on April 6, 2015, and persistently refused to listen to the officers' commands.  The trial court found appellant guilty of disorderly conduct, a fourth degree misdemeanor, pursuant to R.C. 2917.11(A)(3) and 2917.11(E)(3).  The trial court ordered appellant to pay a $100 fine and costs.  Appellant appealed.

{¶ 5} Appellant's appointed counsel filed her request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Counsel

2.

asserted she thoroughly examined the trial court's transcript of proceedings and relevant case law and found no meritorious assignments of error. Nevertheless, counsel has submitted three possible assignments of error:

> 1. Appellant's conviction was based upon insufficient evidence as a matter of law and was against the manifest weight of the evidence.
>
> 2. The Trial Court abused its discretion in sentencing Appellant to a $100 fine.
>
> 3. Appellant received ineffective assistance of counsel.

{¶ 6} The City of Toledo has not filed a response to appointed counsel's *Anders* brief.

{¶ 7} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978) and *State v. Stigall*, 6th Dist. Lucas No. L-14-1653, 2015-Ohio-137.

{¶ 8} In *Anders*, the United States Supreme Court found if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. This request must be accompanied by a brief identifying anything in the record which could arguably support the appeal. *Id.* In addition, counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.* Once these requirements have been fulfilled, the

3.

appellate court must conduct a full examination of the proceedings held below to decide if the appeal is indeed frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if required by state law. *Id.*

{¶ 9} Here, appointed appellant's counsel meets the *Anders* requirements. Appellant has not submitted a pro se brief and has not provided a response to counsel's request to withdraw. Therefore, we will evaluate the possible assignments of error that appellant's counsel has presented as well as the trial court record to determine whether this appeal has any merit or is wholly frivolous.

{¶ 10} In the first proposed assignment of error, appellant contends his conviction was based upon insufficient evidence as a matter of law and was against the manifest of weight of the evidence.

{¶ 11} The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the verdict. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "A manifest weight of the evidence challenge contests the believability of the evidence presented." (Citation omitted.) *State v. Wynder*, 11th Dist. Ashtabula No. 2001-A-0063, 2003-Ohio-5978, ¶ 23. When determining whether a conviction is against the manifest weight, the appellate court must review the record,

4.

weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.), citing *Thompkins* at 387. It has long been held that the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to decide. *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1992). When reviewing a manifest weight of the evidence challenge, an appellate court sits as the "thirteenth juror." *Prescott* at ¶ 48, citing *Thompkins* at 387.

{¶ 12} "A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law." *State v. Shaw*, 2d Dist. Montgomery No. 21880, 2008-Ohio-1317, ¶ 28, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). During a sufficiency of the evidence review, an appellate court's function is to "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997), fn. 4. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the

5.

prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus.

{¶ 13} Here, appellant submits the sufficiency of the evidence and the manifest weight of the evidence do not support the trial court's conviction of disorderly conduct under R.C. 2917.11(A)(3) and 2917.11(E)(3).

{¶ 14} R.C. 2917.11(A)(3) provides that a person commits the offense of disorderly conduct when the person "recklessly causes inconvenience, annoyance, or alarm" towards another by "[i]nsulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response[.]"

{¶ 15} Pursuant to R.C. 2917.11(E)(3), a person has committed disorderly conduct as a fourth degree misdemeanor when:

(a) The offender persists in disorderly conduct after reasonable warning or request to desist.

* * *

(c) The offense is committed in the presence of any law enforcement officer * * * who is engaged in the person's duties at the scene of a fire, accident, disaster, riot, or emergency of any kind.

{¶ 16} In the instant case, a review of the record reveals that on April 6, 2015, appellant was intoxicated and engaged in disorderly conduct after the police officers who responded to the 911 hang-up emergency call provided reasonable warnings and requests to appellant to desist. Appellant only calmed down and listened to the police officers

6.

after three officers pulled out their Tasers and used them on appellant. Therefore, we find there was sufficient evidence to support appellant's conviction, and the conviction was not contrary to the manifest weight of the evidence. The first possible assignment of error is not well-taken.

{¶ 17} In the second potential assignment of error, appellant argues the trial court abused its discretion in sentencing appellant to pay a $100 fine.

{¶ 18} We examine misdemeanor sentences under the abuse of discretion standard of review. *State v. Ostrander*, 6th Dist. Fulton No. F-10-011, 2011-Ohio-3495, ¶ 28. When a trial court imposes a sentence pursuant to a misdemeanor conviction, the trial court shall examine the "purposes and principles" of R.C. 2929.21 and "sentencing factors" under R.C. 2929.22. *Id.* When a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume the trial judge followed the statutes, unless there is evidence to the contrary. *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus; *State v. Townsend*, 6th Dist. Lucas No. L-01-1441, 2002-Ohio-4077, ¶ 6.

{¶ 19} Here, the record shows when the trial court imposed sentence, the court examined appellant's past record of non-serious offenses and considered the two responding police officers' and appellant's girlfriend's testimony about the incident, appellant's mental health, appellant's girlfriend's safety and appellant's church attendance. Thus, the trial court satisfied the factors pursuant to R.C. 2929.21 and 2929.22. In addition, the court's imposition of a $100 fine is within the statutory limits,

7.

as a fourth-degree misdemeanor is punishable by up to thirty days incarceration and a $250 fine. *See* R.C. 2929.21. Thus, the trial court did not abuse its discretion in ordering appellant to pay a fine of $100. Accordingly, the second possible assignment of error is not well-taken.

{¶ 20} In the third potential assignment of error, appellant contends his appointed trial counsel was ineffective.

{¶ 21} Appellant bears the burden of proving his counsel was ineffective since an attorney is presumed competent. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Lott*, 51 Ohio St.3d 160, 174, 555 N.E.2d 293 (1990). To meet this burden, appellant must show: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty. *Strickland, supra*, at 687-689, and *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Prejudice is shown where there is a reasonable probability that a different result would have occurred if the attorney had not erred. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 108, quoting *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 22} Here, a review of the record shows appellant's trial counsel cross-examined the state's witnesses and called a witness on appellant's behalf, appellant's girlfriend. Trial counsel advocated for appellant in front of the trial court. There is no evidence in the record that counsel's representation of appellant was inadequate or ineffective. The third proposed assignment of error is not well-taken.

**{¶ 23}** We have an obligation to fully examine the record to determine whether an appeal would be frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review of the record, including the transcript of appellant's bench trial and sentencing, does not disclose any errors by the trial court which would justify a reversal of the judgment. We therefore find this appeal to be wholly frivolous, and counsel's request to withdraw is found well-taken and is granted.

**{¶ 24}** The judgment of the Toledo Municipal Court is affirmed. Costs of the appeal are assessed to appellant pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

Stephen A. Yarbrough, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.