[Cite as *State v. Shannon*, 2016-Ohio-8220.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0077** |
| JOSEPH J. SHANNON, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 00072.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant*, 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Joseph J. Shannon, Jr., appeals his conviction for trafficking heroin with a schoolyard specification. He raises three arguments on appeal following his bench trial. We affirm.

{¶2} On September 30, 2014, the Portage County Drug Task Force used a confidential informant to purchase heroin from Shannon at a home located on Clinton Street in Ravenna, Ohio.

{¶3} The confidential informant, Heidi Sexton, testified that she has an extensive history of drug abuse and has previously purchased drugs from Shannon. She confirmed that she was clean at the time of her testimony. Sexton agreed to assist the task force with several undercover drug buys in exchange for the task force's recommendation that certain drug paraphernalia charges against her be dismissed.

{¶4} Sexton testified that she used the $40 provided to her by the task force to purchase heroin from Shannon at his girlfriend's home. Shannon met her at the door, sold her $40 worth of heroin, and she left. She immediately walked back to the agents' vehicle and kept the baggie of heroin in her hand until she handed it to Detective Clouden. It was the size of a small marble. Sexton was patted down by the agents before and after the transaction. She agreed that the Clinton Street residence where the exchange occurred is approximately one block from an elementary school.

{¶5} Before the transactions, Sexton was wired for audio and visual by the task force. However, the recording does not capture Shannon's image due to poor lighting and the angle of the camera. The recording shows a male answering the door, and depicts Sexton almost immediately saying thank you, turning around, and leaving the home.

{¶6} Detective Robert Clouden Jr., a member of the drug task force, explained at trial that Sexton returned to his vehicle after the drug buy with .15 grams of heroin. Clouden testified that the house on Clinton Street was approximately 400 feet from an

2

elementary school and that he drove past the school on his way to the transaction. Clouden used Google Earth to confirm that the distance was 408 feet.

{¶7} The task force never recovered the money provided to Sexton from Shannon because they did not arrest him immediately since they planned on conducting more monitored drug buys from him, but the opportunity never materialized.

{¶8} Shannon raises three assigned errors:

{¶9} "The trial court erred as a matter of law in denying Shannon's Crim.R. 29 motion because the state failed to establish on the record sufficient evidence to support the charges levied against Shannon in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10, & 16 of the Ohio Constitution.

{¶10} "Shannon's convictions are against the manifest weight of the evidence possession [sic] in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution.

{¶11} "Shannon was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution and Article I, Sections 1, 10 & 16 of the Ohio Constitution."

{¶12} Shannon's first assignment of error and his first sub-issue under his second assigned error both challenge the schoolyard specification. His first assigned error alleges insufficient evidence and his second assigned error alleges his conviction is against the manifest weight of the evidence. Both assert that the state failed to prove that he *recklessly* sold heroin within 1,000 feet of a school.

**{¶13}** A sufficiency review presents a question of law and does not allow us to weigh the evidence. *State v. Duncan*, 3d Dist. Allen No. 1-10-59, 2011-Ohio-1168, ¶8, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717 (1983). Instead, an appellate court reviewing the sufficiency of the evidence determines the adequacy of the evidence and must decide if the evidence submitted at trial, if believed, supports a guilty finding beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). Our standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Id.*

**{¶14}** "Unlike sufficiency of the evidence, the question of manifest weight does not view the evidence in a light most favorable to the prosecution." *Duncan*, supra, ¶9. Instead, a manifest weight of the evidence challenge requires a reviewing court to weigh the evidence and act as a "thirteenth juror." However, we still must give deference to the fact-finder's findings and award a new trial "only in the exceptional case in which the evidence weighs heavily against conviction." *State v. Thompkins*, 78 Ohio St.3d at 380, 387, 678 N.E.2d 541 (1997); *State v. Thompson*, 127 Ohio App.3d 511, 529, 713 N.E.2d 456 (1998).

**{¶15}** Regardless of which standard we apply, Shannon's argument lacks merit since the state did not have to prove that he *recklessly* sold heroin within 1,000 feet of a school. R.C. 2925.01(P) states:

**{¶16}** "(P) An offense is 'committed in the vicinity of a school' if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises, *regardless of whether the offender*

4

*knows the offense is being committed * * * within one thousand feet of the boundaries of any school premises.*"  (Emphasis added.)

**{¶17}** Shannon's argument, premised on the Supreme Court's interpretation of a prior version of the definition of "in the vicinity of a school" in *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, is misplaced because *Lozier* was superseded by the foregoing definition.  "The enhancement is now a strict liability element of the crimes to which it applies."  *State v. Davis,* 7th Dist. Mahoning No. 05MA235, 2008-Ohio-2927, ¶3*; State v. Stigall,* 6th Dist. Lucas No. L-14-1053, 2015-Ohio-137, ¶12 (noting that the legislature amended the definition of "in the vicinity of a school" several months after *Lozier*).  Accordingly, Shannon's first assignment of error and his first sub-issue under his second assigned error lack merit and are overruled.

**{¶18}** Shannon's second argument under his second assignment of error asserts the state failed to prove beyond a reasonable doubt that he is the individual that sold Sexton the drugs.  In support, Shannon claims that Sexton was not a credible witness and her testimony was unsupported.

**{¶19}** The credibility of a witness's testimony is an issue primarily reserved for the trier of fact.  *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus (1967); *State v. Armstrong*, 8th Dist. Cuyahoga Nos. 87456, 87457, 2006-Ohio-5447, ¶20.  A reviewing court must defer to the judge's findings on appeal from a bench trial on witness credibility because the trial court judge had the opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v.*

5

*Fielding*, 2014-Ohio-3105, 15 N.E.3d 912, ¶31 (10th Dist.), quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶20} Thus, whether or not Sexton's testimony was credible and convincing was for the trial court judge to decide. Further, Sexton's history of drug abuse was before the trial court along with her testimony that she purchased heroin from Shannon. There was no evidence to the contrary. Thus, Shannon's conviction is not contrary to the weight of the evidence, and his second assignment of error is overruled.

{¶21} Shannon's third assigned error claims he was denied the effective assistance of trial counsel based on his attorney's failure to ensure that the state proved that he *recklessly* sold drugs within the vicinity of a school. This argument, however, is also based on the erroneous premise that the state had to prove that Shannon *recklessly* sold heroin in the vicinity of a school. *State v. Davis,* 7th Dist. Mahoning No. 05MA235, 2008-Ohio-2927, ¶3*; State v. Stigall,* 6th Dist. Lucas No*.* L-14-1053, 2015-Ohio-137, ¶12. Thus, Shannon's third assignment of error lacks merit because selling drugs in the vicinity of a school is a strict liability specification.

{¶22} Based on the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, concurs,

COLLEEN MARY O'TOOLE, concurs in judgment only.