[Cite as *State v. Williamson*, 2018-Ohio-4905.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                              Court of Appeals No. OT-18-010

     Appellee                                          Trial Court No. CRB 1800088

v.

Cassondra N. Williamson                          **DECISION AND JUDGMENT**

     Appellant                                          Decided:  December 7, 2018

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Ottawa County Municipal Court, convicting appellant, Cassondra Williamson, of one count of theft in violation of R.C. 2913.02, a misdemeanor of the first degree, and sentencing her to six months in jail.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

**{¶ 2}** On January 23, 2018, appellant stole a makeup sponge priced at $5.99 from a Rite Aid store. Store management had suspected that appellant had been stealing several items over the previous few weeks, and conducted an inventory after she left the store to see if anything was missing. Appellant was subsequently apprehended in possession of the sponge. She was charged with one count of theft in violation of R.C. 2913.02(A)(1). At her initial appearance in the Ottawa Municipal Court, appellant pleaded no contest to the charge. The trial court then found her guilty, and continued the matter for preparation of a presentence investigation report. However, appellant did not submit any information to the probation department, nor did she attend her scheduled meeting with them.

**{¶ 3}** Appellant's sentencing hearing was held on March 9, 2018. At the hearing, appellant tried to explain that she missed her appointment with the probation department because she was working six days a week. She further stated that someone from the probation department informed her that she should request a continuance, but appellant did not do that. Appellant offered that she was no longer working six days a week as a result of her charge, and was set to begin new employment.

**{¶ 4}** After appellant spoke, the trial court admonished her for not participating in the presentence investigation. The court then recounted appellant's criminal record, which it described as "terrible," noting that she had several stolen property convictions,

2.

including one that began as felony theft, as well as drug convictions. Thereafter, the trial court sentenced appellant to six months in jail and ordered her to pay a $100 fine.

## II. Assignment of Error

{¶ 5} Appellant has timely appealed her conviction, and now assigns one error for our review:

> 1. The trial court abused its discretion in imposing a maximum sentence upon defendant-appellant as it was against the manifest weight of the evidence.

## III. Analysis

{¶ 6} We review misdemeanor sentences for an abuse of discretion. *State v. Reese*, 6th Dist. Lucas No. L-17-1184, 2018-Ohio-1654, ¶ 20, citing *State v. Cook*, 6th Dist. Lucas No. L-15-1178, 2016-Ohio-2975, ¶ 18. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 7} R.C. 2929.21(A) sets forth the two overriding purposes of misdemeanor sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender. To achieve these purposes, the sentencing court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.* In addition, any sentence imposed "shall be reasonably calculated to achieve the two overriding purposes of

3.

misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶ 8} In fashioning an appropriate sentence, the trial court is guided by the following factors under R.C. 2929.22(B)(1):

    (a) The nature and circumstances of the offense or offenses;

    (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

    (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

    (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

4.

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

The trial court is also instructed that it "may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime." R.C. 2929.22(C).

{¶ 9} Here, the parties do not dispute that appellant's sentence falls within the statutory range for a first-degree misdemeanor set forth in R.C. 2929.24(A)(1). "When a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume the trial judge followed the statutes, unless there is evidence to the contrary." *Reese*, 6th Dist. Lucas No. L-17-1184, 2018-Ohio-1654, at ¶ 22.

{¶ 10} Appellant argues in her brief that the trial court abused its discretion in sentencing her to six months in jail for stealing a $6 sponge. She further contends that the trial court was "annoyed" or "irritated" by the fact that she did not participate in her

5.

presentence investigation with the probation department. Finally, she notes that the trial court appeared confused about her criminal history because it originally stated that she had a felony theft charge in her criminal background, but later acknowledged that it was disposed of in municipal court after appellant protested that she did not have any felony convictions. Thus, appellant concludes that the trial court's sentence was abrupt, arbitrary, and unreasonable.

{¶ 11} The state, on the other hand, argues that appellant's history of theft and receiving stolen property convictions, including the fact that she had been suspected of stealing from Rite Aid for several weeks, in addition to her failure to participate in the presentence investigation demonstrates that previous sanctions have not deterred her from committing theft. Thus, the state concludes that the trial court did not abuse its discretion in sentencing her to the maximum sentence.

{¶ 12} We agree with the state. In fashioning its sentence, the trial court took note of appellant's "terrible" criminal record of theft convictions and drug charges. While the theft of a $6 sponge is certainly not the worst form of the offense, appellant's pattern of conduct supports the conclusion that the longest jail term is necessary to deter her from committing future crimes. Therefore, we cannot say that the trial court's decision to impose the maximum sentence was an abuse of discretion.

{¶ 13} Accordingly, appellant's assignment of error is not well-taken.

6.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.