[Cite as *State v. Royster*, 2019-Ohio-2367.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-036

    Appellee                                 Trial Court No. 2017CR0321

v.

Andrew L. Royster                          **DECISION AND JUDGMENT**

    Appellant                                Decided:  June 14, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 4, 2018 judgment of the Wood County Court

of Common Pleas, sentencing appellant to a previously suspended 180-day term of

imprisonment in connection to appellant's conviction on one count of domestic violence,

in violation of R.C. 2919.25, a misdemeanor of the first degree.

**{¶ 2}** We note that the term of imprisonment had initially been suspended and appellant placed on probation. However, a petition for revocation was filed when the probation department discovered that appellant was charged with drug trafficking in Lucas County less than a month after being placed on probation. Appellant failed to notify his probation officer of the pending drug offense and failed to appear at probation appointments. These events led to the disputed probation violation sentence against appellant. For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 3}** Appellant, Andrew Royster, sets forth the following assignment of error:

The trial court abused its discretion and committed error by not sentencing appellant in accordance with R.C. 2929.21 and R.C. 2929.22.

**{¶ 4}** The following undisputed facts are relevant to this appeal. On July 20, 2017, appellant was indicted on one count of domestic violence, in violation of R.C. 2919.25, a misdemeanor of the first degree, and one count of attempted felonious assault, in violation of R.C. 2923.02, a felony of the third degree.

**{¶ 5}** These charges stemmed from a June 19, 2017 incident in which the Perrysburg Township Police Department was summoned to appellant's apartment following an incident in which appellant assaulted his live-in girlfriend. The assault occurred during an argument between the parties concerning appellant's pattern of excessive alcohol consumption.

2.

**{¶ 6}** On November 28, 2017, pursuant to a negotiated plea agreement, appellant pled guilty to the misdemeanor domestic violence offense. In exchange, the remaining felony offense was dismissed. Appellant was sentenced to a suspended 180-day term of imprisonment, a three-year term of probation, anger management classes, and AA meeting attendance as deemed necessary by the probation department.

**{¶ 7}** On December 20, 2017, less than a month after being placed on probation, appellant was charged with drug trafficking in the Toledo Municipal Court. On February 14, 2018, appellant pled guilty to an amended drug possession offense. Appellant failed to notify the probation department of the new criminal charge filed against him, in violation of the terms of probation.

**{¶ 8}** On February 21, 2018, the probation department filed a petition for revocation of probation against appellant based upon both appellant's failure to notify the probation department of the new criminal charge, as well as appellant's failure to appear at probation appointments in Wood County. A probation violation hearing was scheduled for April 6, 2018. Appellant failed to appear, resulting in the issuance of a statewide warrant for appellant's arrest.

**{¶ 9}** On May 4, 2018, appellant appeared before the trial court and stipulated to the above-described probation violations. Appellant was sentenced to serve the previously suspended 180-day term of imprisonment, with credit granted for time served. This appeal ensued.

3.

{¶ 10} In the sole assignment of error, appellant maintains that the May 4, 2018 probation violation sentence was unlawful in breach of R.C. 2929.21 and 2929.22, the directives and purposes of sentencing. We do not concur.

{¶ 11} Specifically, appellant suggests that the imposition of the previously suspended sentence following appellant's probation violations was somehow unlawful based upon appellant's perception that the trial court failed to adequately consider mitigating factors.

{¶ 12} In support of this position, appellant notes that he possesses a degree in culinary arts, was employed as a cook, had obtained a valid driver's license, and provides child support to three children born of a prior relationship.

{¶ 13} Appellant argues, "In not crediting appellant with any of the positives he had accomplished by imposing a less than maximum sentence * * * the trial court abused its discretion and erred to the prejudice of appellant." Notably, appellant simultaneously concedes that the disputed sentence was not, "[O]utside the maximum allowable sentence under the controlling statute, R.C. 2929.24(A)(1)."

{¶ 14} Appellate court review of a disputed misdemeanor sentence is conducted pursuant to the abuse of discretion standard of review. In order to demonstrate an abuse of discretion, it must be established that the disputed trial court action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

4.

**{¶ 15}** When a disputed misdemeanor sentence falls within the permissible statutory limits [as conceded by appellant] the reviewing court must presume the trial court properly followed the statutes absent convincing evidence to the contrary. *State v. Cook*, 6th Dist. Lucas No. L-15-1178. 2016-Ohio-2975, ¶ 18. Accordingly, the presumption of statutory compliance stands barring the record of evidence clearly demonstrating otherwise. *State v. Hudson*, 7th Dist. Mahoning No. 15-MA-134, 2017-Ohio-645, ¶ 37.

**{¶ 16}** We have carefully reviewed and considered this matter in order to determine the propriety of the disputed sentence. The record reflects that less than a month after being placed on probation on the underlying misdemeanor offense, appellant committed a drug offense in another county, failed to disclose the new offense to his probation officer, and failed to appear at the probation appointments. Appellant then failed to appear at the resulting probation violation hearing. This necessitated issuance of a statewide warrant for appellant's arrest.

**{¶ 17}** Given these facts and circumstances, we find that the trial court's imposition of the previously suspended 180-day sentence was not unreasonable, arbitrary, or unconscionable.

**{¶ 18}** Based upon the foregoing, we find appellant's assignment of error not well-taken. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                   _____
                                                         JUDGE

Arlene Singer, J.                                   _____

Thomas J. Osowik, J.                                   JUDGE
CONCUR.

                                                  _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.