[Cite as *State v. Dahms*, 2019-Ohio-3124.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                           Court of Appeals No. OT-18-037

     Appellee                                          Trial Court No. CRB 1801217A

v.

Nicholas B. Dahms                                **DECISION AND JUDGMENT**

     Appellant                                         Decided:  August 2, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 26, 2018 judgment of the Ottawa County

Municipal Court, sentencing appellant to a 180-day jail term following appellant's

conviction on one count of domestic violence, in violation of R.C. 2919.25, a

misdemeanor of the first degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Nicholas Dahms, sets forth the following assignment of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A MAXIMUM SENTENCE UPON DEFENDANT-APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 3} The following undisputed facts are relevant to this appeal. On September 30, 2018, officers from the Port Clinton Police Department were dispatched to an apartment complex in connection to reports of a woman being assaulted, screaming for help, and asking for someone to contact the police.

{¶ 4} Upon arrival at the scene, police discovered the victim, with whom appellant has a son who was three-weeks old at the time of these events. The responding officers observed multiple scratches and red marks upon her body indicative of having just been physically assaulted. In the interim, appellant had jumped a fence and fled the scene prior to the arrival of the police.

{¶ 5} In response to this incident, the officers conducted an investigation, including multiple witness interviews. The investigating officers learned that in the course of a verbal dispute, appellant physically restrained the victim, then repeatedly struck and choked the victim. The victim had been holding their infant son when this incident commenced. Fortunately, the child was not injured.

2.

**{¶ 6}** As a result of this incident, appellant was charged with one count of domestic violence, in violation of R.C. 2919.25, a misdemeanor of the first degree. On October 10, 2018, appellant pled no contest. A presentence investigation report was ordered. On October 26, 2018, the case proceeded to sentencing.

**{¶ 7}** At sentencing, the trial court noted that appellant was on parole for a prior felony arson conviction at the time of this incident. The trial court further noted that appellant's criminal history included arson, tampering with evidence, theft, and driving under the influence. Appellant failed to participate in recommended services in connection to past offenses. Appellant failed to pay the court ordered restitution arising in the prior theft conviction. Appellant acknowledged that a parole violation was pending against him due to the instant case.

**{¶ 8}** The trial court sentenced appellant to a period of 180 days in jail, with credit for time served. The record reflects that appellant became aggressive and confrontational towards the trial court upon the announcement of the sentence. The record reflects the trial court attempted to diffuse appellant's adversarial outburst.

**{¶ 9}** Upon announcement of the sentence, appellant retorted, "What? Six months?" The trial court replied, "Easy. Take it easy." The trial court proceeded to advise, "You are going to want to hold it. Okay. I respect the fact that you don't agree with it, but you are going to want to hold it in."

3.

{¶ 10} The trial court's efforts to diffuse the matter did not curtail appellant's conduct. Appellant rebutted, "I don't care. I don't care, man * * * I mean, what the fuck, man?" This appeal ensued.

{¶ 11} In the sole assignment of error, appellant contends that the subject misdemeanor sentence was unlawful. We do not concur.

{¶ 12} It is well-established that appellate court review of a disputed misdemeanor sentence is conducted pursuant to the abuse of discretion standard of review. *State v. Cook*, 6th Dist. Lucas No. L-15-1178, 2016-Ohio-2975, ¶ 18. Demonstration of an abuse of discretion requires showing the disputed trial court conduct to be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 13} In conjunction with these governing principles, a misdemeanor sentence that falls within the permissible statutory limits is presumed to be lawful absent evidence to the contrary. *State v. Townsend*, 6th Dist. Lucas No. L-01-1441, 2002-Ohio-4077, ¶ 6.

{¶ 14} We will now apply the above-described legal framework to the instant case in order to determine the propriety of the disputed sentence.

{¶ 15} R.C. 2929.24(A) establishes that the maximum allowable jail term for a first-degree misdemeanor conviction is 180 days. We note that appellant acknowledges that the term of jail imposed does fall within the permissible statutory limits.

{¶ 16} Appellant nevertheless suggests that the sentence should be construed to be unlawful based upon appellant's unsupported position that longer jail terms may only

4.

properly be imposed in cases such as this if, "the most serious physical injury," is shown to have occurred. We do not concur.

{¶ 17} The record reflects that appellant possesses a considerable criminal background. The record reflects that at the time of this incident appellant remained on parole for an aggravated arson conviction. The record further reflects that appellant failed to pay court ordered restitution related to a prior theft conviction and failed to participate in services in connection to the past offenses.

{¶ 18} In addition, the record further reflects that appellant was found to be high risk pursuant to the Ohio Risk Assessment System ("ORAS") for community supervision consideration purposes. The record shows that appellant placed the safety of his infant son in jeopardy by these events when appellant commenced a physical altercation with the victim while she was holding their child. Lastly, the record reflects appellant's consistent failure to take accountability for his criminal actions and failure to maintain control even when speaking directly to the trial court during the sentencing in this case.

{¶ 19} Given these facts and circumstances, we find that the record of evidence in this case fails to demonstrate that the disputed trial court misdemeanor sentence was unreasonable, arbitrary, or unconscionable. We find appellant's assignment of error not well-taken.

{¶ 20} Wherefore, the judgment of the Ottawa County Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                JUDGE

Arlene Singer, J.                              

Thomas J. Osowik, J.                       _____
CONCUR.                                                    JUDGE


                                                     _____
                                                                JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.