[Cite as *State v. Dawes*, 2025-Ohio-2576.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                                  Court of Appeals No.  OT-24-031

        Appellee                                      Trial Court No.  2024 CRB 0050

v.

Lyndon R. Dawes                           **DECISION AND JUDGMENT**

        Appellant                                 Decided:  July 22, 2025

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney,
and Alec Vogelpohl, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Lyndon R. Dawes, appeals from a judgment entered by the

Ottawa County Municipal Court, following his plea of guilty to the offenses of

possession of criminal tools and attempted possession of marijuana, both misdemeanors

of the first degree. For the reasons that follow, the trial court's judgment is reversed and

the matter is remanded for resentencing.

**Statement of the Case and the Facts**

{¶ 2} On April 13, 2023, Oak Harbor Police stopped a white SUV motor vehicle

for traffic violations of speeding and failure to use a turn signal. There were two

occupants of the vehicle, Dawes, who was the driver, and his passenger, Kalil Kirks. The Oak Harbor Police officer advised Dawes of the reason for the traffic stop. While speaking to the occupants, the Officer detected the odor of burnt marijuana. Dawes admitted to using marijuana, showed the officer a medical marijuana card, and stated that he and Kirks were returning from having purchased marijuana products from a dispensary in Michigan. Dawes and Kirks admitted that they both owned "fifty fifty" all of the marijuana products in the vehicle. Search of the vehicle revealed approximately seven pounds of marijuana flower products and nine pounds of THC gummies and edible products.

{¶ 3} Dawes and Kirks were each indicted on one count of possession of marijuana, a felony of the third degree. Thereafter, Dawes agreed to plead guilty to amended charges of possession of criminal tools and attempted possession of marijuana, each charge being a misdemeanor of the first degree. The amended charges were filed in the Ottawa County Municipal Court.

{¶ 4} On June 3, 2024, Dawes entered a plea of guilty to the two misdemeanor counts. The trial court accepted the plea and then referred the matter for a presentence investigation report.

{¶ 5} Sentencing took place on July 15, 2024. Prior to imposing sentence, the trial court heard from defense counsel and Dawes. The court was also aided by review of the presentence investigation report.

{¶ 6} In reviewing the facts and circumstances surrounding the offender and the offense, the trial court acknowledged that Dawes had a medical marijuana card and no

2.

prior criminal record. At the same time, the trial court noted that Dawes had not been "real forthcoming at the time of the stop." Addressing Dawes, the trial court stated:

> Interestingly enough, you certainly had a right to, but interestingly enough you refused to give the officers, at least at that time, consent to access your phones…. Just, just shows that, I really didn't see an acceptance and really an admission that you messed up.

{¶ 7} Turning to the subject of Dawes's behavior following the plea, the trial court stated, "[Y]ou didn't really take the opportunity to complete the PSI packet to the extent that you would have." In response to a declaration by Dawes that Dawes did not feel that any probation program was necessary in his case, the trial court stated, "In other words, you don't want probation. Well, that pretty much leaves me with incarceration."

{¶ 8} Defense counsel responded to the trial court's remarks, stating in part:

> [A]s far as phones, they were seized by the Oak Harbor Police Department. You know, I don't, you know, he has a Constitutional right not to have properties searched if he does not have a warrant.

{¶ 9} Following defense counsel's comments, the trial court sentenced Dawes to serve six months in jail on each of the two charges to run consecutively for a total of 360 days.

## Assignment of Error

{¶ 10} On appeal, Dawes asserts the following assignment of error:

I.    The trial court's sentence of Appellant, which included both maximum potential jail sentence for Appellant on each count and consecutive sentences on each count, was an abuse of discretion.

3.

**Law and Analysis**

{¶ 11} An appellate court reviews misdemeanor sentences for an abuse of discretion. *State v. Haas*, 2025-Ohio-683, ¶ 66 (6th Dist.). "In imposing a sentence for a misdemeanor offense, a trial court must consider the purposes and principles of misdemeanor sentencing as set forth in R.C. 2929.21, as well as the sentencing factors set forth in R.C. 2929.22." *City of Toledo v. White*, 2013-Ohio-5911, ¶ 15 (6th Dist.). R.C. 2929.22(C) states that "[a] court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense."

{¶ 12} "A trial court is not required to make findings on the record to support the imposition of a maximum sentence." *Haas* at ¶ 68. Absent evidence to the contrary, a misdemeanor sentence that falls within the permissible statutory limits is presumed to be lawful. *State v. Dahms*, 2019-Ohio-3124, ¶ 13 (6th Dist.), citing *State v. Townsend*, 2002-Ohio-4077, ¶ 6 (6th Dist.); *Haas* at ¶ 70 (in the absence of evidence that the trial court considered improper factors, the appellate court presumed that the trial court considered only the proper statutory criteria when it imposed the maximum sentence). Thus, "[o]n a silent record, reviewing courts often presume that trial courts considered the proper statutory criteria for a misdemeanor sentence." *See Haas* at ¶ 68. "That presumption will be destroyed," however, "if, for instance, the trial court introduces an improper factor into the maximum sentencing determination." *Id.* Accordingly, an appellate court will

find an abuse of discretion where it is clear that a maximum sentence was imposed for reasons outside the appropriate statutory considerations. *Id.*

{¶ 13} Here, there is no question that Dawes's misdemeanor sentence falls within permissible statutory limits. *See* R.C. 2929.24 (a court may sentence an offender to a definite jail term of not more than 180 days for a misdemeanor of the first degree.) But there is also evidence that the trial court, in considering the fact that Dawes declined consent to search his phone, introduced an improper factor into its sentencing determination.

{¶ 14} Dawes had a constitutional right to refuse to consent to a search of his cell phone. *See State v. Smith*, 2009-Ohio-6426, ¶ 29 (warrantless search of data within a cell phone seized incident to a lawful arrest is prohibited by the Fourth Amendment when the search is unnecessary for the safety of law-enforcement officers and there are no exigent circumstances); *United States v. Wright,* 712 F.Supp.3d 959, 971 (E.D.Mich. 2024), quoting *United States v. Clariot*, 655 F.3d 550, 555 (6th Cir. 2011) (refusal to consent to a search constitutes the exercise of a constitutional right). "[I]t is inappropriate to punish a defendant for the exercise of a constitutional right." *State v. Hall*, 2008-Ohio-6228, ¶ 15 (10th Dist.), citing *State v. Glass*, 2004-Ohio-4495, ¶ 8-9 (holding that a sentencing judge may not enhance a defendant's sentence to penalize the defendant for exercising the privilege against self-incrimination); *see also State v. Scalf*, 126 Ohio App.3d 614, 620-621 (finding that it is improper to punish defendant for exercising right to trial).

{¶ 15} By citing Dawes's refusal to consent to a search of his phone as an aggravating factor in sentencing, the trial court's application of the statutory sentencing

5.

guidelines was contrary to law. *See Glass* at ¶ 9 (citation of refusal to testify as an aggravating factor in sentencing defendant was contrary to law). Accordingly, Dawes's assignment of error is found well-taken. Dawes's sentence is vacated and the matter will be remanded to the trial court for resentencing consistent with this opinion.

**Conclusion**

{¶ 16} The judgment of the Ottawa County Municipal Court is reversed and the matter is remanded to the trial court for resentencing. Appellee is ordered to pay the costs of appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.