[Cite as *State v. Coll*, 2017-Ohio-7270.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio/Division of Wildlife

       Appellee

v.

Shamir L. Coll

       Appellant

Court of Appeals No. S-16-022

Trial Court Nos. CRB 1600265 A
CRB 1600265 B

**DECISION AND JUDGMENT**

Decided:  August 18, 2017

* * * * *

James F. Melle, for appellee.

Shamir L. Coll, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Pro se appellant, Shamir Lee Coll, appeals the June 27, 2016 judgment of the Fremont Municipal Court which, following a jury trial convicting him of the misdemeanor charges of fishing in a closed zone and taking/possessing a walleye of less than 15 inches, sentenced him to ten-day suspended jail sentences, two years of non-reporting probation, 48 hours of community service, a $200 fine, and $100 in restitution.

Appellant was also banned for two years from fishing in the Lake Erie sport fishing district. Because we find that the conviction was supported by sufficient evidence and the sentence was not contrary to law, we affirm.

{¶ 2} The relevant facts of this case are not in dispute. On March 28, 2016, appellant and two other individuals were cited under R.C. 1531.02. The three men were also cited under Ohio Adm.Code 1501:31-13-01(F), fishing in a closed zone. In addition, appellant was cited under Ohio Adm.Code 1501:31-13-09(B), taking a walleye less than 15 inches in length in the Lake Erie sport fishing district.

{¶ 3} Appellant entered not guilty pleas to the charges and the matter proceeded to a jury trial. At trial, testimony was elicited from sole witness Ohio Division of Wildlife officer Austin Dickinson. Officer Dickinson testified that on March 28, 2016, at approximately 3:00 p.m., the office received a tip that a violation was occurring in Fremont, Ohio. Dickinson responded to the call. Upon arrival he observed three men fishing below the Ballville bridge; he witnessed them cast and reel in multiple times.

{¶ 4} Officer Dickinson approached the men and asked to see their fishing licenses. The two men with appellant produced their licenses. Appellant indicated that he did not have his on his person; Officer Dickinson was able to verify that he did have an active license. The men were informed that they were fishing in a closed zone and were asked to go up the bank to Officer Dickinson's vehicle so he could observe the fish they had caught.

{¶ 5} Officer Dickinson explained that the area was a "closed zone" during a period in the spring because the walleye from the lake use adjacent rivers and streams to

2.

spawn, or lay their eggs. Dickinson explained that the area closes due to the sheer number of walleye spawning in the area and the risk of anglers catching and keeping more than the legal limit. Dickinson stated that the closure is "publicly known" and is posted in the written regulations, online, and on signage in the area.

{¶ 6} Officer Dickinson testified that one of appellant's three fish measured at 14 and one-half inches, one-half inch short of the 15-inch state minimum. Photographic evidence of the fish was admitted into evidence. Citations were then issued.

{¶ 7} Following closing arguments and jury deliberations appellant was convicted on the counts charged and was immediately sentenced. This appeal followed.

{¶ 8} Appellant now raises three assignments of error for our review:

1. It is an error of law for the trial court to decide that ORC § 1531.02 is a strict liability statute. Therefore, appellant's conviction is against the sufficiency of the evidence.

2. ORC section 1531.02 is unconstitutionally vague.

3. Trial court abused its discretion by sentencing defendant disproportionately harsher compared to other defendant's in identical situations with a sentence that is inconsistent with principles of misdemeanor sentencing ORC section 2929.21.

{¶ 9} In appellant's first assignment of error, he contends that because a mens rea was not proven at trial, his conviction under R.C. 1531.02 was against the sufficiency of the evidence. We note that the question of whether there is sufficient evidence to support a conviction is one of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541

3.

(1997).  In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.)  *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997).  In making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses.  *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 10} Appellant was convicted of violating R.C 1531.02, in conjunction with Ohio Adm.Code 1501:31-13-01(F) and 1501:31-13-09(B).  R.C. 1531.02 provides, in relevant part:

> The ownership of and the title to all wild animals in this state, not legally confined or held by private ownership legally acquired, is in the state, which holds such title in trust for the benefit of all the people. Individual possession shall be obtained only in accordance with the Revised Code or division rules.  No person at any time of the year shall take in any manner or possess any number or quantity of wild animals, except wild animals that the Revised Code or division rules permit to be taken, hunted, killed, or had in possession, and only at the time and place and in the manner that the Revised Code or division rules prescribe. * * *.

> A person doing anything prohibited or neglecting to do anything required by this chapter or Chapter 1533. of the Revised Code or contrary to any division rule violates this section. * * *.

4.

**{¶ 11}** Ohio Adm.Code 1501:31-13-01(F) states:

It shall be unlawful for any person to engage in fishing in the Sandusky river at any time from March first to May first from the Ballville dam to the power line, "Toledo Edison," Old Ballville and Fifth street line, located at the southeast corner of Roger Young park, city of Fremont, Sandusky County.

**{¶ 12}** Ohio Adm.Code 1501:31-13-09(B) states: "It shall be unlawful for any person to take or possess a walleye, sauger, or saugeye less than fifteen inches in length while on the following bodies of water: * * * Lake Erie sport fishing district[1]; * * *."

**{¶ 13}** This court has examined a similar regulation involving the offense of fishing without a license and fishing under a license suspension, *State v. Hymore*, 6th Dist. Lucas No. L-95-361, 1996 Ohio App. LEXIS 4231 (Sept. 30, 1996). In *Hymore* the appellant's case proceeded to a jury trial following which he was found guilty. On appeal, appellant argued, in part, that the trial court erred when it denied his request for certain jury instructions. After examining the language of the statute which included the phrase "[n]o person shall," we noted that such language evidence the intent of the legislature to impose strict liability. *Id.* at *7, quoting *State v. Cheraso*, 43 Ohio App.3d 221, 223, 520 N.E.2d 326 (11th Dist.1988).

---

[1] Under Ohio Adm.Code 1501:31-1-02: "'Lake Erie sport fishing district' means the Ohio waters of lake Erie, its embayments including Maumee bay, Sandusky bay, east harbor, middle harbor, west harbor and the entire length of all tributaries * * *."

**{¶ 14}** We then noted:

> The legislature used the terminology that establishes fishing in Ohio while under a license or permit suspension a strict liability crime. Accordingly, the affirmative defenses of mistake of fact or lack of intent could not be used by appellant, and the trial court did not err when it refused to give the requested jury instructions on those defenses. *Id.* at *7-8. *Accord State v. Bowersmith*, 3d Dist. Union No. 14-02-02, 2002-Ohio-3386 (the failure of a hunter to carry the required deer or wild turkey permit while hunting is a strict liability offense.)

**{¶ 15}** In the present case, as in *Hymore*, we find that the prohibitory language used in R.C. 1531.02,

> [n]o person at any time of the year shall take in any manner or possess any number or quantity of wild animals except wild animals that the Revised Code or division rules permit to be taken, * * *, and only at the time and place and in the manner that the Revised Code or division rules prescribe, evidences legislative intent to make an offender strictly liable for the offense.

**{¶ 16}** Appellant, however, relies on a Supreme Court of Ohio case which rejected the argument that former R.C. 2919.24, contributing of the unruliness of a child, was a strict liability offense. *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268. In *Moody*, the court first acknowledged that the statute contained no mental state. *Id.* at ¶ 16. The court concluded, however, that

6.

there was no plain indication that the General Assembly intended to impose strict liability. *Id.* The court then determined that the recklessness mental state applied. *Id.* at ¶ 17.

{¶ 17} Acknowledging *Moody* yet reaching a different conclusion, the Tenth Appellate District determined that a violation of the sex-offender registration statute, former R.C. 2950.05, was a strict liability offense. *State v. Blanton*, 184 Ohio App.3d 611, 2009-Ohio-5334, 921 N.E. 2d 1103 (10th Dist.). The court first noted that the statute at issue did not contain a mental state element. *Id.* at ¶ 20. The court then considered whether the offense was a crime merely because it was prohibited by statute (malum prohibitum) versus whether the act itself was immoral (malum in se). The court found that because the act of failing to provide a change of address was malum prohibitum, it supported the argument that it was a strict liability offense. *Id.* at ¶ 21. Finally, the court determined that the General Assembly had taken a "strong stance" against sex offenders. *Id.* at ¶ 25. The court then concluded that the statute was a strict liability offense. *Id.* at ¶ 26.

{¶ 18} In *State v. Bowersmith, supra,* involving wildlife division regulation, the court proceeded through the analysis first finding that the statute, R.C. 1533.11, did not include a mens rea. *Id.* at ¶ 13. The court then noted the prohibitive language contained in the statute: "Every person * * * shall carry the person's permit ***. Failure to do so and exhibit such permit constitutes an offense under this section." *Id.* at ¶ 16. Finally, the court observed:

7.

[T]he General Assembly has assumed a strong stance in support of the protection and preservation of our natural resources through stringent licensing and regulation of activities affecting those resources. Moreover, varying degrees of culpability and exceptions for unintentional violations have been provided within other sections of the Chapter. Therefore, it is reasonable to presume, based upon the fact that this is a regulatory statute enacted in furtherance of the public welfare and that the offense herein is *mala prohibita*, that the inclusion of scienter requirements and exceptions within other sections of the Chapter and the unconditional mandates within and exclusion of a scienter requirement from R.C. 1533.11, plainly indicate a purpose to impose strict liability for failing to carry and display a special permit while hunting upon the lands of another. *Id.* at ¶ 19.

{¶ 19} Reading *Moody* and *Blanton*, in conjunction with *Bowersmith*, we find that the violations of the statute and regulations at issue were strict liability offenses. Thus, a mental state element was not required to be proven at trial. As to the remaining elements of the offenses, appellant neither contests that he was fishing in a closed zone nor that the fish he caught was undersized. Accordingly, we find that appellant's first assignment of error is not well-taken.

{¶ 20} In appellant's second assignment of error he contends that R.C. 1531.02 is void for vagueness. Appellant argues that the statute fails to specifically state what is prohibited. This argument has been previously raised and rejected. *See State v. Seymour*, 4th Dist. Ross No. 1499, 1989 Ohio App. LEXIS 3268 (Aug. 22, 1989). The *Seymour*

8.

court first noted that the legislature could properly delegate to an administrative agency, including the Division of Wildlife, the authority to "promulgate rules and regulations." *Id.*, quoting *State v. Switzer*, 22 Ohio St.2d 47, 49, 257 N.E.2d 908 (1970). The court then noted that R.C. 1531.02, prohibits doing anything contrary to a division rule or order and that the specific prohibitions are contained in the Ohio Administrative Code. Thus, the prohibition at issue was specifically set forth and not vague. *Id.*

{¶ 21} In the present case, appellant was cited under the general statute, R.C. 1531.02. Appellant was also charged with violating specific Ohio Administrative Code sections. When issuing the citations, the Ohio Division of Wildlife officer wrote out a description of each violation. Based on the foregoing, we find that R.C. 1531.02 is not unconstitutionally vague. Appellant's second assignment of error is not well-taken.

{¶ 22} In his third and final assignment of error, appellant contends that his harsh sentence was contrary to the principles and purposes of misdemeanor sentencing. *See* R.C. 2929.21 and 2929.22. Appellant bases his argument on the fact that the two other individuals issued citations were given less severe sanctions. Specifically, appellant contends that his sentence was disproportionate to the other two individuals charged as they were only sentenced to fines after entering guilty pleas; he was issued a suspended jail sentence, non-reporting community control, higher fines, community service, and was ordered not to fish in the Lake Erie sport fishing district. The state asserts that the sentence was within the trial court's discretion and within the range of sentences permitted by law. The state further notes that appellant, unlike the other individuals, was additionally charged with possessing a walleye of less than 15 inches.

9.

{¶ 23} We agree that we review a misdemeanor sentence for an abuse of discretion. *State v. Cossack*, 7th Dist. Mahoning No. 08 MA 161, 2009-Ohio-3327, ¶ 20. In imposing a sentence for a misdemeanor offense, a trial court must consider the purposes and principles of misdemeanor sentencing as set forth in R.C. 2929.21, as well as the sentencing factors set forth in R.C. 2929.22. The failure to do so constitutes an abuse of discretion. *State v. Dominijanni*, 6th Dist. Wood No. WD-02-008, 2003-Ohio-792, ¶ 6. Nevertheless, when a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary. *State v. Townsend*, 6th Dist. Lucas No. L-01-1441, 2002-Ohio-4077, ¶ 6, citing *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus.

{¶ 24} Reviewing the sentencing hearing and the June 27, 2016 judgment entry, we cannot say that the trial court abused its discretion in sentencing appellant. The court noted that each fourth degree misdemeanor carried a potential of 30 days in jail (R.C. 2929.24(A)(4)), a $250 fine (R.C. 2929.28(A)(2)(a)(iv)), a maximum of five years of community control (R.C. 2929.25(A)(2)), and up to 200 hours of community service (R.C. 2929.27(A)(3)). Further the $50 value imposed as a fine for each violation is specifically set forth in the regulations. Finally, the two-year ban from fishing in the Lake Erie sport fishing district was a permissible condition as it was related to the offense. *See State v. Recker*, 3d Dist. Putnam Nos. 12-14-03, 12-14-04, 2014-Ohio-4993, ¶ 13-14.

10.

**{¶ 25}** Based on the foregoing, we find that the trial court did not abuse its discretion in sentencing appellant. Appellant's third assignment of error is not well-taken.

**{¶ 26}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Fremont Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                                      JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.     _____
CONCUR.                                      JUDGE

_____
                                      JUDGE