[Cite as *State v. Kolodzaike*, 2017-Ohio-7776.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals Nos. WD-16-049
                                                                                    WD-16-050
         Appellee

                                                          Trial Court Nos. TRC 1605377
v.                                                                              CRB-1601140

Michael Kolodzaike                            **DECISION AND JUDGMENT**

         Appellant                                  Decided:  September 22, 2017

* * * * *

P. Martin Aubry, Perrysburg Chief Prosecutor, and Corey Speweik,
Assistant Prosecutor, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 30, 2016 judgment of the Perrysburg

Municipal Court, sentencing appellant, Michael Kolodzaike, to a term of incarceration of

180 days, with 150 days suspended, on one count of operating a vehicle while under the

influence, in violation of R.C. 4511.19(A)(1)(h), a first-degree misdemeanor.  In addition,

the court sentenced appellant to a term of incarceration of 180 days, with 90 days suspended, on one amended count of assault, in violation of R.C. 2903.13(A), a first-degree misdemeanor.

{¶ 2} The sentences were ordered to be served consecutively, for a total term of incarceration of 120 days. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} On October 11, 2016, appellant filed two separate notices of appeal regarding the above-discussed cases. On November 7, 2016, this court consolidated the cases.

{¶ 4} On appeal, appellant, Michael Kolodaize, sets forth the following assignment of error:

> The trial court abused its discretion by not complying with the statutory guidelines in R.C. 2929.21 and R.C. 2929.22 in imposing appellant's misdemeanor sentence.

{¶ 5} The following undisputed facts are relevant to this appeal. On August 19, 2016, Perrysburg police officers responded to a call for emergency assistance at the Perrysburg apartment of appellant's former girlfriend. The responding officers determined that appellant had been driving while under the influence of alcohol. The ensuing B.A.C. test revealed appellant to have a blood alcohol level of .184, more than twice the legal limit. This was appellant's second O.V.I. offense in six years.

2.

**{¶ 6}** Subsequently, on September 18, 2016, appellant was charged with domestic violence in connection to a separate incident in which he caused physical injuries to his former girlfriend. The victim required medical attention.

**{¶ 7}** Pursuant to a plea agreement covering all pending charges, appellant pled guilty to one O.V.I. count and one amended count of assault, as reduced from one count of domestic. In exchange, all remaining charges pending against appellant were dismissed. Appellant was sentenced to a total term of incarceration of 120 days. This appeal ensued.

**{¶ 8}** In the sole assignment of error, appellant maintains that the trial court abused its discretion in sentencing him to a term of incarceration of 120 days. We do not concur.

**{¶ 9}** Notably, although appellant concedes that the disputed sentence is within the statutory range, he nevertheless maintains that the trial court failed to properly consider the sentencing principles of R.C. 2929.21 and the sentencing factors of R.C. 2929.22.

**{¶ 10}** Ohio courts consistently hold that misdemeanor sentences cannot be overturned on appeal absent an abuse of discretion by the trial court. *State v. Jones*, 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 8, citing *State v. Cook*, 6th Dist. Lucas No. L-15-1178, 2016-Ohio-2975. In order to demonstrate an abuse of discretion, it must be shown that the disputed trial court action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

3.

**{¶ 11}** In conjunction with the above, a misdemeanor sentence is presumed to be compliant when the sentence falls within the statutory range. *State v. Cook*, 6th Dist. Lucas No. L-15-1178, 2016-Ohio-2975, ¶ 18, citing *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus.

**{¶ 12}** Pursuant to R.C. 2929.24(A)(1), the maximum sentence that a trial court may impose on a first-degree misdemeanor conviction is 180 days. As such, appellant faced a maximum of one-year total term of incarceration. By contrast, the trial court sentenced appellant to a 30-day sentence for the O.V.I. conviction and a 90-day sentence for the amended assault conviction. The sentences were ordered to be served consecutively, for a total term of incarceration of 120 days.

**{¶ 13}** The record reflects that the disputed sentence lies well within the permissible statutory range and was substantially below the maximum sentence that could have been imposed. The record is devoid of any evidence that the sentence was unreasonable, arbitrary, or unconscionable. Appellant had failed to demonstrate any abuse of discretion by the trial court regarding the subject misdemeanor sentence. As such, appellant's sole assignment of error is found not well-taken.

**{¶ 14}** On consideration whereof, the judgment of the Perrysburg Municipal Court is hereby affirmed. Pursuant to App.R. 24, the costs of this appeal are assessed to appellant.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                         JUDGE

Arlene Singer, J.              
                                          _____

Thomas J. Osowik, J.                                        JUDGE
CONCUR.

                                                         _____
                                                           JUDGE