[Cite as *State v. Kolodzaike*, 2020-Ohio-1239.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio/City of Perrysburg       Court of Appeals No. WD-19-014

      Appellee       Trial Court Nos. CRB 1601140
           CRB 1700325
v.       TRC 1605377

Michael J. Kolodzaike       **DECISION AND JUDGMENT**

      Appellant       Decided: March 31, 2020

* * * * *

Chynna L. Fifer, City of Perrysburg Prosecutor, for appellee.

Adam H. Houser, for appellant.

* * * * *

**ZMUDA, P.J.**

## I. Introduction

{¶ 1} Appellant, Michael Kolodzaike, appeals the judgment of the Perrysburg Municipal Court, revoking his probation and imposing three suspended jail sentences (in case Nos. CRB 1601140, CRB 1700325, and TRC 1605377) totaling 180 days. Finding no error in the proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On August 19, 2016, a complaint was filed with the trial court in case No. TRC 1605377, charging appellant with one count of operating a vehicle under the influence of alcohol or drugs of abuse in violation of R.C. 4511.19(A)(1)(a) and (h), a misdemeanor of the first degree, one count of driving under OVI suspension in violation of R.C. 4510.14(A), a misdemeanor of the first degree, and one count of marked lanes violation in violation of R.C. 4511.33(A)(1), a minor misdemeanor. The foregoing charges stemmed from an incident that occurred earlier that day, in which

> Perrysburg police officers responded to a call for emergency assistance at the Perrysburg apartment of appellant's former girlfriend. The responding officers determined that appellant had been driving while under the influence of alcohol. The ensuing B.A.C. test revealed appellant to have a blood alcohol level of .184, more than twice the legal limit. This was appellant's second O.V.I. offense in six years.

*State v. Kolodzaike*, 6th Dist. Wood Nos. WD-16-049, WD-16-050, 2017-Ohio-7776, ¶ 5.

{¶ 3} On September 18, 2016, appellant was charged in case No. CRB 1601140 with one count of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree. This charge stemmed from a separate incident in which appellant caused physical injuries, which required medical treatment, to his former girlfriend. *Id.* at ¶ 6.

{¶ 4} On September 30, 2016, following successful plea negotiations in the foregoing cases, appellant entered guilty pleas to one count of operating a vehicle under

2.

the influence of alcohol or drugs of abuse in violation of R.C. 4511.19(A)(1)(h) in case No. TRC 1605377, and one count of assault in violation of R.C. 2903.13(A) in case No. CRB 1601140. In exchange for his plea, the state agreed to dismiss the remaining charges.

{¶ 5} The trial court proceeded to sentencing, ultimately ordering appellant to serve 180 days in jail on each charge, with 120 days suspended in case No. TRC 1605377 and 90 days suspended in case No. CRB 1601140. The trial court ordered the sentences served consecutively for a total jail sentence of 120 days. Additionally, the trial court placed appellant on probation for a period of 60 months in each case. Under the terms of his probation, appellant was to undergo alcohol abuse treatment, and any refusal to submit to blood, breath, or urine tests would result in revocation of his probation.

{¶ 6} Appellant appealed his convictions in case Nos. TRC 1605377 and CRB 1601140 to this court, arguing that the trial court abused its discretion by sentencing him without complying with the statutory requirements applicable to misdemeanor sentencing under R.C. 2929.21 and 2929.22. On September 22, 2017, we affirmed appellant's convictions in *Kolodzaike*, *supra*, 6th Dist. Wood Nos. WD-16-049, WD-16-050, 2017-Ohio-7776.

{¶ 7} While appellant's appeal in *Kolodzaike* was pending, on March 16, 2017, a complaint was filed in case No. CRB 1700325, charging appellant with one count of violating a protection order in violation of R.C. 2919.27, a misdemeanor of the first degree. On April 11, 2017, appellant appeared before the trial court and entered a plea of

3.

guilty to the charge of violating a protection order, and was immediately sentenced to 90 days in jail (60 of which were suspended), along with 48 months of probation.

{¶ 8} Following completion of his jail sentences in the foregoing cases, appellant was placed on probation. Thereafter, appellant admittedly violated the terms of his probation. Consequently, a motion to show cause was filed by the state. A hearing on the motion to show cause was held on March 19, 2018, at which appellant admitted to violating the terms of probation.

{¶ 9} At the hearing, appellant claimed that his violations were the product of his mistaken impression that his probation had been previously terminated by the trial court. This mistaken belief led appellant to conclude that he was no longer subject to the reporting requirements associated with his probation.

{¶ 10} During the hearing on the state's motion to show cause, appellant insisted that he was undergoing alcohol treatment in Defiance, Ohio. However, the state noted that appellant failed to produce any documentation to the court to substantiate his claim. In requesting the imposition of appellant's suspended sentences, the state pointed to a case update provided by appellant's probation officer, in which the officer expressed his opinion that appellant:

has no intention of complying with supervision terms and is no longer amenable to supervision. He has never submitted documentation. * * *

[Appellant] has continuously exhibited complete disregard for the law and safety of the community. As respectfully recommended, all days

4.

be imposed.  In each case he has been granted the privilege of probation supervision.

{¶ 11} Upon hearing the arguments of the parties, the trial court revoked appellant's probation in case Nos. CRB 1601140 and CRB 1700325, and imposed a portion of appellant's suspended sentences in all three cases.  In particular, the court ordered appellant to serve 90 days in case No. CRB 1601140, 60 days in case No. TRC 1605377, and 30 days in case No. CRB 1700325.  The trial court ordered these sentences to be served consecutively for a total jail sentence of 180 days, and extended appellant's probation in case No. TRC 1605377 "to the fullest extent on that charge under the same terms and conditions."  It is from this order that appellant has now appealed.

## B.  Assignments of Error

{¶ 12} On appeal, appellant asserts the following assignments of error for our review:

1. The court failed to follow the [principles] and purposes of misdemeanor sentencing when it sentenced appellant to consecutive sentences.

2. The court in [its] sentencing stating that if appellant refused any breathalyzer or blood test violates his right against self incrimination under the Fifth Amendment of the United States Constitution.

5.

## II. Analysis

### A. Misdemeanor Sentencing

{¶ 13} In his first assignment of error, appellant argues that the trial court erred in imposing sentence without complying with the principles and purposes of misdemeanor sentencing under R.C. 2929.21 and 2929.22.

{¶ 14} We review a misdemeanor sentence for an abuse of discretion. *State/Division of Wildlife v. Coll*, 2017-Ohio-7270, 96 N.E.3d 947, ¶ 23 (6th Dist.), citing *State v. Cossack*, 7th Dist. Mahoning No. 08 MA 161, 2009-Ohio-3327, ¶ 20. When sentencing an offender for a misdemeanor offense, a trial court must consider the principles and purposes of sentencing under R.C. 2929.21, as well as the sentencing factors under R.C. 2929.22, and the failure to do so constitutes an abuse of discretion. *State v. Rush*, 6th Dist. Fulton Nos. F-12-011, F-12-014, 2013-Ohio-727, ¶ 8, citing *State v. Dominijanni*, 6th Dist. Wood No. WD-02-008, 2003-Ohio-792, ¶ 6. "[W]hen a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary." *State v. Ostrander*, 6th Dist. Fulton No. F-10-011, 2011-Ohio-3495, ¶ 28, citing *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus.

{¶ 15} Here, appellant contends that the trial court erred when it ordered him to serve the remaining balance of his suspended jail sentences, because the court did not expressly consider the sentencing factors attributable to appellant under R.C.

6.

2929.22(B)(1)(b), (c), and (e).[1]  According to appellant, "[t]he trial court did not consider any of the factors in sentencing Appellant and did not even reference any of the factors under Ohio law."

{¶ 16} In response, the state asserts that the record from appellant's original sentencing hearings demonstrates that the trial court considered the factors under R.C. 2929.22(B) that were relevant to appellant and fashioned a sentence that was favorable to appellant insofar as most of appellant's jail sentence was suspended and appellant was permitted the privilege of probation in lieu of jail time.

{¶ 17} At the outset, we recognize that appellant's argument that the trial court failed to comply with R.C. 2929.22(B) is in actuality an attack on the trial court's original imposition of sentence, and therefore should have been raised in a direct appeal when the trial court first imposed each of appellant's sentences in case Nos. CRB 1601140, TRC 1605377, and CRB 1700325.  "It is well settled in Ohio that imposing a suspended sentence and placing a defendant on community control is a final sentence." *Bay Village v. Barringer*, 8th Dist. Cuyahoga No. 102432, 2015-Ohio-4079, ¶ 7; R.C. 2951.10.  As noted above in our recitation of the facts, appellant did in fact appeal his convictions in case Nos. TRC 1605377 and CRB 1601140 to this court, raising the same challenge he now raises with respect to his sentence in those cases, namely that the trial court

---

[1] Appellant's arguments are confined to the trial court's alleged lack of consideration of the sentencing factors contained in R.C. 2929.22(B).  Appellant makes passing references to the consecutive nature of his jail sentence, but does not separately address whether the trial court erred in ordering the suspended sentences to be served consecutively.

7.

sentenced him without complying with R.C. 2929.21 and 2929.22. We rejected appellant's argument, and therefore that same argument is barred by res judicata here. No appeal was taken from the trial court's April 11, 2017 sentence in case No. CRB 1700325. As such, appellant's present attempt to appeal his sentence in case No. CRB 1700325 is untimely as it is well outside the 30-day window for a direct appeal.

{¶ 18} Moreover, we reject appellant's contention that the trial court was required to reexamine the factors contained in R.C. 2929.22(B) upon its revocation of appellant's probation. In a case involving analogous facts, the Second District clarified that "[w]hen the trial court subsequently revoked community control and reinstated the previously suspended sentences, it was not imposing a new sentence. Rather, it was simply ordering into execution jail sentences it already had imposed." *State v. Fankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 8 (2d Dist.). By its express terms, R.C. 2929.22 is applicable to "a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor." R.C. 2929.22(A). Because the trial court did not impose a new sentence when it ordered appellant to serve his suspended sentences in case Nos. CRB 1601140, TRC 1605377, and CRB 1700325, it was not required to reexamine the sentencing factors under R.C. 2929.22(B).

{¶ 19} Even assuming, arguendo, that the trial court was required to consider the sentencing factors under R.C. 2929.22(B), we find that appellant has not pointed to evidence that would rebut the presumption that the trial court followed the misdemeanor sentencing statutes, including R.C. 2929.22, at the time of its revocation of appellant's

8.

probation and reinstatement of appellant's suspended sentence. Rather, the record reveals that the trial court heard statements from appellant, appellant's defense counsel, and the state at the revocation hearing, considered the actions that constituted violations of the terms of appellant's probation, determined that appellant was no longer amenable to probation, and ultimately decided to impose appellant's suspended sentences, which are each within the applicable statutory range under R.C. 2929.24.

{¶ 20} In light of the foregoing, we find that the trial court did not abuse its discretion under R.C. 2929.22(B) when it ordered appellant to serve the remainder of his suspended sentences in case Nos. CRB 1601140, TRC 1605377, and CRB 1700325. Accordingly, appellant's first assignment of error is not well-taken.

### B. Probation Conditions and the Fifth Amendment

{¶ 21} In his second assignment of error, appellant argues that his Fifth Amendment rights were violated by the trial court when it required appellant to submit to blood, breath, and urine tests as a condition of probation, and informed appellant that a refusal to submit to those tests would result in the revocation of his probation.

{¶ 22} In essence, appellant's argument in his second assignment of error challenges the probation conditions imposed by the trial court at the time of appellant's original sentencing in case Nos. CRB 1601140, TRC 1605377, and CRB 1700325. In our analysis of appellant's first assignment of error, we found that appellant's challenge to his original sentences in case Nos. CRB 1601140 and TRC 1605377 is barred by res judicata because we already affirmed the sentences in *Kolodzaike*, *supra*. Furthermore,

we found that appellant's attempt to challenge his sentence in case No. CRB 1700325 is untimely as it is well beyond the 30-day window for filing a direct appeal. These findings apply equally to appellant's argument regarding his probation conditions, and we therefore find appellant's second assignment of error not well-taken.

### III. Conclusion

{¶ 23} In light of the foregoing, the judgment of the Perrysburg Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J. _____
                                              JUDGE

Thomas J. Osowik, J.

                                        _____

Gene A. Zmuda, P.J.                                             JUDGE
CONCUR.

_____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.