[Cite as *State v. Stubbs*, 2022-Ohio-2910.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo          Court of Appeals No.  L-21-1230

     Appellee                           Trial Court No.  TRC-21-05856

v.

Kendra Stubbs                         **DECISION AND JUDGMENT**

     Appellant                          Decided:  August 19, 2022

* * * * *

David L. Toska, City of Toledo Chief Prosecuting Attorney, and
Christopher D. Lawrence, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**ZMUDA, J.**

## I.     Introduction

{¶ 1} Appellant, Kendra Stubbs, appeals the judgment of the Toledo Municipal

Court, sentencing her to 180 days in jail, 157 of which were suspended, and placing her

on two years of active probation after she pled no contest and was found guilty of one count of operating a vehicle under the influence of alcohol or drugs. Finding no error in the proceedings below, we affirm.

## A.    Facts and Procedural Background

{¶ 2} On April 25, 2021, appellant was involved in an automobile accident in which she struck a fence with her vehicle. When police responded to the accident, appellant was stumbling and slurring her speech, had bloodshot eyes, and smelled of alcohol. Upon questioning, appellant admitted to consuming alcohol. However, she refused officers' request to submit to a breathalyzer test, and was subsequently cited for one count of failure to control in violation of R.C. 4511.202, a minor misdemeanor, and one count of operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19. The citation does not specify the particular degree of the OVI offense, which varies according to a number of factors, including whether the offender has previously been convicted of an OVI offense, under R.C. 4511.19.[1]

{¶ 3} Thereafter, on May 5, 2021, appellant appeared before the trial court for arraignment. She entered a plea of not guilty to the aforementioned offenses. The matter then proceeded through routine pretrial discovery and motion practice.

---

[1] Appellant does not challenge the sufficiency of the complaint filed in this case.

2.

**{¶ 4}** On June 1, 2021, appellant returned to the trial court for a pretrial hearing on appellant's request for driving privileges during the pendency of the action. During the hearing, the trial court indicated that this was appellant's second OVI offense, the first of which occurring in 2016. In response, appellant's trial counsel stated: "Second offense, Judge, but first refusal." At a subsequent pretrial hearing on September 7, 2021, the trial court reiterated its understanding that appellant's OVI offense was "a second in 10." Appellant's trial counsel lodged no objection to the trial court's understanding concerning appellant's prior OVI offense.

**{¶ 5}** Following plea negotiations, on October 28, 2021, appellant appeared for a change of plea hearing. At the hearing, appellant withdrew her plea of not guilty and entered a plea of no contest to the OVI charge. In exchange for her plea, the state agreed to dismiss the charge for failure to control.[2]

**{¶ 6}** After a plea colloquy, the trial court accepted appellant's plea and found her guilty of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19. The trial court then proceeded to sentencing and asked appellant's trial counsel if she wished to make a statement on behalf of appellant, prompting the following response:

---

[2] The record does not contain a written plea agreement.

3.

I do believe that our client's issues, and the reason that *she's here a second time*, really it has more to do with mental health than anything. She had services in the past. She is not in treatment currently. And that is why we had suggested that she go back. Because in these conversations, it just seemed pretty clear to me that that's what was going on. (Emphasis added.)

{¶ 7} Ultimately, the trial court ordered appellant to serve 180 days in jail, suspending 157 of those days. Further, the court placed appellant on active probation for a period of two years and electronic monitoring for 18 days, ordered appellant to submit to mental health assessments and follow the resulting recommendations, imposed costs, and suspended appellant's driver's license, with work and treatment privileges, for a period of two years. In its subsequent sentencing entry, issued on December 15, 2021, the trial court reiterated its finding that appellant violated R.C. 4511.19 without indicating whether this was appellant's second such violation in the past ten years.

{¶ 8} Thereafter, on January 7, 2022, appellant filed a timely notice of appeal.[3]

---

[3] Appellant filed her initial notice of appeal on November 24, 2021, prior to the trial court's issuance of its sentencing entry. On December 9, 2021, we sua sponte directed appellant to file an amended notice of appeal with the trial court's sentencing entry attached. Appellant perfected her appeal and filed the amended notice of appeal with the sentencing entry attached thereto on January 7, 2022.

4.

## B.    Assignments of Error

{¶ 9} On appeal, appellant assigns the following errors for our review:

I. The trial court erred in sentencing Ms. Stubbs pursuant to R.C. 4511.19(G)(1)(b) and (G)(3) without so stating in the Sentencing Entry.

II. The trial court erred in granting Work/Driving Privileges at sentencing without referencing the associated code section in the Sentencing Entry.

## II.    Analysis

{¶ 10} In each of appellant's assignments of error, she challenges the trial court's imposition of sentence.

{¶ 11} We review a misdemeanor sentence for an abuse of discretion. *State/Division of Wildlife v. Coll*, 2017-Ohio-7270, 96 N.E.3d 947, ¶ 23 (6th Dist.), citing *State v. Cossack*, 7th Dist. Mahoning No. 08 MA 161, 2009-Ohio-3327, ¶ 20.  When sentencing an offender for a misdemeanor offense, a trial court must consider the principles and purposes of sentencing under R.C. 2929.21, as well as the sentencing factors under R.C. 2929.22, and the failure to do so constitutes an abuse of discretion. *State v. Rush*, 6th Dist. Fulton Nos. F-12-011, F-12-014, 2013-Ohio-727, ¶ 8, citing *State v. Dominijanni*, 6th Dist. Wood No. WD-02-008, 2003-Ohio-792, ¶ 6.  "[W]hen a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary."  *State v.*

5.

*Ostrander*, 6th Dist. Fulton No. F-10-011, 2011-Ohio-3495, ¶ 28, citing *Toledo v. Reasonover*, 5 Ohio St.2d 22, 213 N.E.2d 179 (1965), paragraph one of the syllabus.

{¶ 12} Appellant does not assert that the trial court failed to consider the principles and purposes of sentencing or the sentencing factors applicable to this case. Rather, appellant's argument in her first assignment of error is narrowly framed as a challenge to the trial court's imposition of a sentence under R.C. 4511.19(G)(1)(b) without express reference to that statutory subsection in its sentencing entry. Specifically, appellant argues that "the court appears to have been aware that this infraction was Ms. Stubbs' second OVI arrest in ten years, but that fact is obscured in the pretrial record and docket. * * * The Sentencing Entry simply states that she was found guilty of violating R.C. 4511.19, and states the sentence."

{¶ 13} R.C. 4511.19(G)(1)(b) classifies an OVI offense as a misdemeanor of the first degree punishable by up to six months in jail if the "offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to one violation of division (A) or (B) of this section or one other equivalent offense." Further, under that section, the trial court must suspend the offender's driver's license for a definite period of one to seven years, and may grant limited driving privileges pursuant to R.C. 4510.021 and 4510.13.

{¶ 14} At the outset, we note that appellant acknowledges that her sentence is "consistent with a finding that this offense was [her] second OVI offense in ten years,"

6.

and she does not contest the fact that this was, indeed, her second OVI offense in ten years. Likewise, our review of the record confirms that the trial court understood this to be appellant's second offense in ten years.

{¶ 15} During appellant's June 1, 2021 pretrial hearing, the trial court indicated its understanding that appellant had previously been convicted of OVI in 2016. Appellant's trial counsel confirmed the trial court's statement, but noted that this was the first time appellant refused to submit to a breathalyzer test. The trial court then reiterated its understanding that appellant's OVI offense was "a second in 10" at a pretrial hearing on September 7, 2021. Then, at sentencing, appellant's trial counsel explained that appellant was before the court "a second time" and insisted that her alcohol-related issues were the product of mental health problems.

{¶ 16} Notwithstanding her concession that this is her second OVI offense, appellant insists that "the court left open the possibility that [she] was sentenced incorrectly, because there is no statement of fact to support the particular sentencing scheme selected."

{¶ 17} Appellant correctly asserts that the trial court made no explicit mention of R.C. 4511.19(G)(1)(b) at sentencing or in its sentencing entry. However, while it may have been a better practice for the trial court to reference the precise statutory subsections that govern appellant's OVI sentence, it does not follow that the failure to do so

7.

constitutes reversible error, especially where there is no dispute that this was, in fact, appellant's second OVI offense in less than ten years.

{¶ 18} Appellant argues that the trial court's judgment should be reversed based upon a speculative contention that the trial court perhaps imposed an incorrect sentence by imposing a sentence under a different statutory subsection than the one that undeniably applies, namely R.C. 4511.19(G)(1)(b). She cites no authority to support this argument.

{¶ 19} Moreover, the Eighth District has previously considered, and rejected, a related argument in which the city of Parma argued that a defendant's sentencing entries were ambiguous, and thus not final and appealable, because they did not identify the statutory subsection of R.C. 2905.05 under which the defendant was convicted. *City of Parma v. Horky*, 2019-Ohio-4886, 149 N.E.3d 1000, ¶ 5 (8th Dist.). In *Horky*, the court explained that Crim.R. 32(C) governs what must be contained in a sentencing entry, which includes "'(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.'" *Id.* at ¶ 6, quoting *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. Because the defendant's sentencing entries indicated that he was convicted of criminal child enticement, "[t]he fact that they do not contain the code subsection of the charge upon which Horky was found guilty does not make the judgment

8.

entries not final nor unappealable."[4] *Id.* at ¶ 7, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.3d 163 (finding that a journal entry of conviction was final and appealable where it identified the names of the offenses the defendant was convicted of, but not the applicable code section).

{¶ 20} In light of the lack of authority cited by appellant to support her argument, and consistent with the reasoning articulated by the Eighth District in *Horky*, we find no merit to appellant's contention that the trial court's sentencing entry is deficient for lack of citation to the particular statutory subsection under which she was convicted. Additionally, we reject the assumption that underlies appellant's argument, namely that the trial court's sentence would have been contrary to law if it was sentencing her under the subsection applicable to first-time OVI offenders, R.C. 4511.19(G)(1)(a), instead of the subsection applicable to second-time OVI offenders, R.C. 4511.19(G)(1)(b). Regardless of which subsection applies, the trial court's sentence, including the jail term, fine, driver's license suspension and limited driving privileges, falls within the parameters set forth in each subsection. Therefore, even if the trial court endeavored to sentence appellant under R.C. 4511.19(G)(1)(a), the sentence it imposed was not contrary to law.

---

[4] The court in *Horky* went on to vacate the defendant's convictions after finding that the defendant's due process rights were violated, because he was convicted of a statute that was previously declared unconstitutional. No such constitutional issue is present in this appeal.

9.

{¶ 21} Similarly, in her second assignment of error, appellant argues, without citing to any supporting authority, that the trial court erred at sentencing by granting her limited driving privileges without expressly referencing either R.C. 4510.021 or 4510.13 in its entry. Appellant complains that the trial court's failure to specify the particular statutory subsection under which it was granting her driving privileges creates confusion as to whether the 45-day waiting period is applicable in this case under R.C. 4510.13(A)(5)(e).

{¶ 22} Under R.C. 4510.13(A)(5)(e), driving privileges may not be granted during "[t]he first forty-five days of a suspension imposed under division (G)(1)(b) of section 4511.19 of the Revised Code or a comparable length suspension imposed under section 4510.07 of the Revised Code." As we explained above, appellant does not dispute the fact that this is her second OVI offense in less than ten years. By operation of law, she was sentenced under R.C. 4511.19(G)(1)(b) and is consequently subject to the 45-day waiting period under R.C. 4510.13(A)(5)(e). The trial court is under no obligation to separately delineate this fact, and its failure to do so does not create confusion in this case or constitute reversible error.

{¶ 23} Accordingly, we find appellant's assignments of error not well-taken.

10.

### III. Conclusion

**{¶ 24}** In light of the foregoing, the judgment of the Toledo Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.
                                  _____
                                            JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.
                                  _____
CONCUR.
                                            JUDGE

_____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.