[Cite as *State v. Brewer*, 2026-Ohio-1159.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

    Appellee

v.

Michael Brewer

    Appellant

Court of Appeals No.  L-25-00232

Trial Court No.  CRB-24-02267-0104

**DECISION AND JUDGMENT**

Decided: March 31, 2026

\* \* \* \* \*

Rebecca Facey, City of Toledo Prosecuting Attorney, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Samuel E. Gold, for appellant.

\* \* \* \* \*

**OSOWIK, PJ.**

*Procedural History*

{¶ 1} Michael Brewer was arrested on March 15, 2024 and charged by the Toledo Police with four violations of the Ohio Revised Code that occurred on that date. In case No. CRB-24-0104, he was charged with VIOLATION OF A PROTECTION ORDER, in violation of R.C. 2919.27A2, a misdemeanor of the first degree. In case No. CRB-24-0204, he was charged with AGGRAVATED MENACING, in violation of R.C. 2903.21A, a misdemeanor of the first degree. In case No. CRB-24-0304, he was charged

with CRIMINAL TRESPASS, in violation of R.C. 2911.21A1, a misdemeanor of the fourth degree. In case No. CRB-24-0404, he was charged with DISORDERLY CONDUCT, in violation of R.C. 2917.11, a minor misdemeanor.

{¶ 2} On July 28, 2025, Brewer entered a plea of no contest in case No. CRB-24-0104, VIOLATION OF A PROTECTION ORDER, in violation of R.C. 2919.27(A)2. The trial court then found him guilty. Brewer was sent to the probation department for a presentence investigation ("PSI"). The remaining charges were marked "off docket" which presumably operated as a dismissal.

{¶ 3} On August 19, 2025, Brewer was sentenced to 180 days to be served in the Corrections Center of Northwest Ohio. He now appeals that judgment.

*Assignment of Error*

{¶ 4} Brewer presents a single assignment of error for our review.

THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE

{¶ 5} Appellant argues that "the interest of justice would have been better served by the structure of community control rather than further extending his time in custody."

{¶ 6} Brewer more specifically claims that since he entered a no contest plea, there were no facts placed on the record concerning what actually occurred in this charge, VIOLATION OF A PROTECTION ORDER, in violation of R.C. 2919.27(A)2. He appears to argue that by consideration of the PSI, the trial court introduced an "improper factor into the maximum sentencing determination."

{¶ 7} In support of this contention, appellant speculates "that it is unclear whether the completed PSI contained any relevant information related to the charge other than 2.

Appellant's criminal history." We note that the PSI is part of the record of this case. The report obviously references the facts of the charge and it further documents contacts with the victim to include her input concerning what occurred on the day of Brewer's arrest. Additionally, as expected, it provides a detailed history of Brewer's prior criminal conduct.

{¶ 8} There were no objections made to the PSI or its contents before the trial court. Curiously, Brewer does not claim that the trial court introduced anything improper other than to review the PSI report. Rather, he argues by way of speculation that, perhaps, somehow, the whole of the report itself was improperly considered by the trial court in fashioning a sentence. This argument is meritless.

{¶ 9} Appellant further asserts that the trial court could have promoted a more effective rehabilitation by using the minimum sanctions without imposing an unnecessary burden on state and local resources.

### *Law and Analysis*

{¶ 10} We review a misdemeanor sentence for an abuse of discretion. *State/Division of Wildlife v. Coll*, , 2017-Ohio-7270, ¶ 23 (6th Dist.), citing *State v. Cossack*, 2009-Ohio-3327, ¶ 20 (7th Dist.). When sentencing an offender for a misdemeanor offense, a trial court must consider the principles and purposes of sentencing under R.C. 2929.21, as well as the sentencing factors under R.C. 2929.22, and the failure to do so constitutes an abuse of discretion. *State v. Rush*, , 2013-Ohio-727, ¶ 8 (6th Dist.), citing *State v. Dominijanni*, 2003-Ohio ¶ 6 (6th Dist.).

3.

**{¶ 11}** When a misdemeanor sentence is imposed within the statutory limits, a reviewing court will presume that the judge followed the statutes, absent evidence to the contrary. *State v. Ostrander*, 2011-Ohio-3495, ¶ 28 (6th Dist.), citing *Toledo v. Reasonover,* 5 Ohio St.2d 22, (1965), paragraph one of the syllabus. *State v. Kolodzaike*, 2020-Ohio-1239, ¶ 14 (6th Dist.).

**{¶ 12}** Ohio Revised Code Section 2929.22(C) establishes strict limitations on when trial courts may impose maximum jail terms for misdemeanor offenses. The statute provides that a court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense *or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense* (emphasis added).

**{¶ 13}** In this case, Brewer was found guilty of violating a protection order of the court. Further, he has established a multi-state history of failure to abide or otherwise favorably respond to prior sanctions imposed by numerous courts. Brewer admitted that he was, in fact, on probation from the Sandusky County Court at the time of this offense. The PSI reveals that there was an outstanding warrant from the state of Georgia. He was also wanted by the state of Tennessee on a charge of Aggravated Assault.

**{¶ 14}** Brewer has served extensive time in prison for felony convictions in both the state of Indiana and Michigan. Those periods of actual prison incarceration occurred over the course of twenty years. Those offenses include Armed Robbery, Unarmed Robbery, Firearms, Theft and Receiving Stolen Property.  He has a total of nine felony

4.

convictions. Brewer has established that he is not amenable to supervision and has continuously exhibited complete disregard for the law and safety of the community.

{¶ 15} The imposition of a maximum sentence by the trial court in this misdemeanor charge aligns with the principles delineated in R.C. 2929.22(C) and is justified by the offense severity and Brewer's extensive criminal history. We find no abuse of discretion by the trial court. We therefore find Brewer's assignment of error to be not found well-taken and DENIED.

## *Conclusion*

{¶ 16} For the foregoing reasons, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

Thomas J. Osowik, PJ.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.